UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA ARNOLD, | : |
|     Plaintiff | : |
| | :     Civil Action No. |
| v. | : |
| | : |
| CAROLE BURDICK, PFIZER, INC., FIDELITY | : |
| BROKERAGE SERVICES (CONNECTICUT) | : |
| LLC, and THE PRUDENTIAL INSURANCE | : |
| COMPANY OF AMERICA, | : |
|     Defendants | :     MAY 6, 2021 |
| | : |

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant Pfizer Inc. ("Pfizer") respectfully states:

1.    On or about April 6, 2021, an action was commenced against Pfizer in the Superior Court for the Judicial District of New London, in the State of Connecticut, captioned *Patricia Arnold v. Carole J. Burdick et. al*, civil action number KNL-CV21-6050893-S ("State Court Action"), by delivery of the Complaint to Pfizer. Copies of all process, pleadings, and orders in the State Court Action are annexed hereto as Exhibit A.

2.    Pfizer has not served any answer or responsive pleading to the Complaint, nor made any argument before the Superior Court in the State Court Action.

3.    This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, federal question jurisdiction.

4.     This action against Pfizer, as well as Co-Defendants Fidelity Workplaces Services LLC ("Fidelity")[1] and The Prudential Insurance Company of America ("Prudential"), arises under the laws of the United States, namely the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq.  ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3).

5.     In this case, Plaintiff Patricia Arnold alleges she was "named the irrevocable beneficiary or survivor annuitant" of her ex-husband's Pfizer life insurance policies. (Compl. ¶ 7.)  Group life insurance programs sponsored by employers, like the one at issue in this case, are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and 29 U.S.C. § 1144(a).

6.     Plaintiff seeks the payment of benefits under life insurance policies established and maintained under a welfare benefit plan sponsored by Pfizer for the benefit of its employees.  Coverage under Pfizer's Life Insurance Plan is allegedly issued/insured by Prudential.  Plaintiff's Complaint also references the Pfizer Savings and Investment Plan (Compl. ¶ 6), which is an employee benefit pension plan under ERISA.  Fidelity Workplaces Services LLC is the recordkeeper for Pfizer's ERISA plans.

7.     Plaintiff's claim against Co-Defendant Carole Burdick, on the other hand, sound in state law, and the Court need not resolve any claim against Pfizer, Fidelity, or

---

[1] Incorrectly named in the Complaint as "Fidelity Brokerage Services (Connecticut) LLC" which is not a corporate entity.  As mentioned above, Fidelity Workplaces Services LLC is the recordkeeper for Pfizer's ERISA plans.

Prudential in order to resolve Plaintiff's claim against Ms. Burdick.

8.      28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

9.      A cause of action filed in state court seeking the recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under federal law.  See Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987); Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

10.     Pursuant to 28 U.S.C. § 1441(c)(1), a civil action containing "a claim arising under the Constitution, laws, or treaties of the United States" and also "a claim not within the original or supplemental jurisdiction of the district court" may be removed in its entirety "if the action would be removable without the inclusion of the claim [not within the original or supplemental jurisdiction of the district court]."

11.     Upon removal of the type of civil action described in § 1441(c)(1), "the district court shall sever from the action all claims [not within its original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2).

12.     Upon such removal, "[o]nly defendants against whom a claim [arising under the Constitution, laws, or treaties of the United States] has been asserted are required to join in or consent to the removal." 28 U.S.C. § 1441(c)(2).

13.     The claims against Ms. Burdick do not arise under the Constitution, laws, or treaties of the United States. Nor are the remaining claims "so related to claims in the action

3

within [the Court's] original jurisdiction [ – the ERISA claims –] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

14.     Specifically, Plaintiff's only potential claim against Pfizer, Prudential and Fidelity arises solely under ERISA, inasmuch as Plaintiff seek to recover a payment allegedly due under the aforementioned ERISA plan. 29 U.S.C. § 1132(a)(1)(B) (allowing suits to recover benefits due under the terms of the plan).

15.     In contrast, the claim against Ms. Burdick does not sound in ERISA.  Ms. Burdick is an individual who is alleged to be the beneficiary of the payment that Plaintiff seeks. If there is any claim against Ms. Burdick, it is necessarily rooted in Connecticut common law – for example, claims of unjust enrichment or breach of contract – and not in ERISA.

16.     The statute does not authorize any type of ERISA claim against an individual beneficiary like Ms. Burdick, and thus she cannot properly be a defendant in an ERISA action.  See 29 U.S.C. § 1132(a).

17.     Because any claim against Ms. Burdick is separate and distinct from the ERISA claim for benefits, and because the Court can resolve any claim against Pfizer, Fidelity, or Prudential independent of any resolution of Plaintiff's claim against Ms. Burdick, the Court should sever any claim against Ms. Burdick from this lawsuit and remand it to state court for further proceedings. See Miley v. Hous. Auth., 926 F. Supp. 2d 420, 429 (D. Conn. 2013) ("§1441(c) expressly contemplates the exact scenario facing the Court in which a civil action contains both federal claims and non-removable claims. The revised statute unambiguously directs the Court in such a scenario to sever from the action the non-removable claim and remand that claim back to state court").

18.     In sum, removal of the ERISA claim against Pfizer, Prudential and Fidelity is proper under 28 U.S.C. § 1441(c), and the Court should sever and remand the remaining claims against the individual defendant, Ms. Burdick, to state court. 28 U.S.C. § 1441(c)(2).

19.     Pfizer first received the Complaint upon which this removal is based on or about April 6, 2021.  This Petition for Removal is filed with this Court within thirty (30) days of service as calculated under Rule 6 of the Federal Rules of Civil Procedure.

20.     Pfizer submits this Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

21.     Because the claims against the remaining defendant, Ms. Burdick, are not within the original or supplemental jurisdiction of this Court, her consent to removal is not necessary. 28 U.S.C. § 1441(c)(2).

22.     Through the electronic signature below, counsel for Defendant Fidelity Workplaces Services LLC has confirmed that Fidelity consents to the removal of this action from the Superior Court for the Judicial District of New London.

23.     Through the electronic signature below, counsel for Defendant The Prudential Insurance Company of America ("Prudential") has confirmed that Prudential consents to the removal of this action from the Superior Court for the Judicial District of New London.

24.     This Petition will be filed promptly with the Superior Court for the Judicial District of New London as required by 28 U.S.C. § 1446(d).

25.     By copy of this document and in accordance with the Certificate of Service, Pfizer is providing notice to all parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Pfizer respectfully requests that the above action, now pending in the Superior Court, State of Connecticut, in the Judicial District of New London, be removed to this Court.

DEFENDANT,
PFIZER INC.

By:     */s/ David C. Salazar-Austin*
      David C. Salazar-Austin (ct 25564)
      Jackson Lewis P.C.
      90 State House Square, 8th Floor
      Hartford, CT  06103
      Tel: (860) 522-0404
      Fax: (860) 247-1330
      david.salazar-austin@jacksonlewis.com

Consent to the removal:

| | |
|---|---|
| DEFENDANT,<br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA | DEFENDANT,<br>FIDELITY WORKPLACES SERVICES LLC |
| By:  */s/ James C. Goodfellow, Jr.*<br>James C. Goodfellow, Jr. (ct 427596)<br>Seyfarth Shaw LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, IL 60606<br>Tel: (312) 460-5508<br>Fax: (312) 460-7508<br>jgoodfellow@seyfarth.com | By:  */s/ David C. Salazar-Austin*<br>David C. Salazar-Austin (ct 25564)<br>Jackson Lewis P.C.<br>90 State House Square, 8th Floor<br>Hartford, CT  06103<br>Tel: (860) 522-0404<br>Fax: (860) 247-1330<br>david.salazar-austin@jacksonlewis.com<br>(As counsel for Fidelity) |

## CERTIFICATION OF SERVICE

      I hereby certify that on May 6, 2021, a copy of the foregoing was filed electronically.  A copy has been served via email and/or first-class mail, postage prepaid, to all parties of record as follows:

> Stephen E. Reck, Esq.
> Mariani & Reck Lane, LLC
> 83 Broad Street
> New London, CT 06320
> s.reck@marianirecklane.com
>
> Jeffrey Hill
> Suisman Shapiro Attorneys-at-Law
> 75 State Street
> New London, CT 06320
> jhill@sswbgg.com
>
> James C. Goodfellow, Jr. (ct 427596)
> Seyfarth Shaw LLP
> 233 S. Wacker Drive, Suite 8000
> Chicago, IL 60606
> jgoodfellow@seyfarth.com
>
> David C. Salazar-Austin (ct 25564)
> Jackson Lewis P.C.
> 90 State House Square, 8th Floor
> Hartford, CT  06103
> david.salazar-austin@jacksonlewis.com
> *(As Counsel for Fidelity)*
>
> Carole Burdick
> 544 Pumpkin Hill Road
> Ledyard, CT 0339
>
> /s/ *David C. Salazar-Austin*
> David C. Salazar-Austin

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/06/2021
CT Log Number 539337393

**TO:**    Monique Obudulu
Pfizer Inc.
235 EAST 42ND STREET, MAIL STOP 235/26/3
NEW YORK, NY 10017-5703

**RE:**    **Process Served in Connecticut**

**FOR:**   Pfizer Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patricia Arnold, Pltf. vs. Carole J. Burdick, et al., Dfts. // To: Pfizer Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Statement |
| **COURT/AGENCY:** | New London at New London Superior Court Judicial District, CT<br>Case # NONE |
| **NATURE OF ACTION:** | Plaintiff be required to interplead together concerning their claims from defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/06/2021 at 13:26 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after 05/18/2021 |
| **ATTORNEY(S) / SENDER(S):** | Stephen E. Reck<br>Mariani & Reck Lane LLC<br>83 Broad Street<br>New London, CT 06320<br>(860) 443-5023 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2021, Expected Purge Date: 05/06/2021<br><br>Image SOP<br><br>Email Notification,  Monique Obudulu  monique.obudulu@pfizer.com<br><br>Email Notification,  Daniel Ferrer  daniel.ferrer@pfizer.com<br><br>Email Notification,  Monique Obudulu  monique.obudulu@pfizer.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>67 Burnside Ave<br>East Hartford, CT 06108<br><br>800-448-5350 |

 CT Corporation

**Service of Process Transmittal**
04/06/2021
CT Log Number 539337393

**TO:**     Monique Obudulu
           Pfizer Inc.
           235 EAST 42ND STREET, MAIL STOP 235/26/3
           NEW YORK, NY 10017-5703

**RE:**     **Process Served in Connecticut**

**FOR:**    Pfizer Inc.  (Domestic State: DE)

MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| | | |
|---|---|---|
| **SUMMONS - CIVIL**<br>JD-CV-1  Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: **www.jud.ct.gov/ADA**. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>70 Huntington Street, New London, CT  06320 | Telephone number of clerk<br>( 860 ) 443 – 5363 | Return Date (Must be a Tuesday)<br>05/18/2021 |
|---|---|---|
| ☒ Judicial District            G.A.<br>☐ Housing Session    ☐ Number: _____ | At (City/Town)<br>**NEW LONDON** | Case type code (See list on page 2)<br>Major: **C**      Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Mariani Reck Lane LLC, 83 Broad Street, New London, CT  06320 | Juris number (if attorney or law firm)<br>405910 |
|---|---|
| Telephone number<br>( 860 ) 443 – 5023 | Signature of plaintiff (if self-represented) |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>s.reck@marianireclane.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name:  **ARNOLD, PATRICIA**<br>Address: **79 Crary Road, Griswold, CT  06351** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  **BURDICK, CAROLE J.**<br>Address: **544 Pumpkin Hill Road, Ledyard, CT  06339** | D-01 |
| **Additional defendant** | Name:  **PFIZER INC., c/o its agent for service of process**<br>Address: **CT CORPORATION SYSTEM, 67 Burnside Ave., East Hartford, CT  06108** | D-02 |
| **Additional defendant** | Name:  **FIDELITY BROKERAGE SERVICES (CONNECTICUT) LLC, c/o its agent for service of process**<br>Address: **CT CORPORATION SYSTEM, 67 Burnside Ave., East Hartford, CT  06108** | D-03 |
| **Additional defendant** | Name:  **PRUDENTIAL INSURANCE COMPANY OF AMERICA c/o Commissioner of Insurance**<br>Address: **153 Market Street, Hartford, CT  06103** | D-04 |

*(handwritten, stamped:)* A TRUE COPY<br>NICHOLAS A. POPPITI<br>STATE MARSHAL<br>NEW LONDON COUNTY ATTEST

| Total number of plaintiffs: 1 | Total number of defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date<br>03/29/2021 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Stephen E. Reck, Esq. |
|---|---|---|---|
| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to see that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | | For Court Use Only<br>File Date |
| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

    Do *not* use this summons for the following actions:

    (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
    (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (c) Applications for change of name
    (d) Probate appeals

    (e) Administrative appeals
    (f) Proceedings pertaining to arbitration
    (g) Summary Process (Eviction) actions
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

**RETURN DATE: MAY 18,2021**

**PATRICIA ARNOLD**

     **v.**

**CAROLE J. BURDICK,**
**PFIZER INC., FIDELITY BROKERAGE**
**SERVICES (CONNECTICUT) LLC, and**
**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA**

**SUPERIOR COURT**

**J.D. OF NEW LONDON**

**AT NEW LONDON**

**March 29, 2021**

### COUNT ONE: COMPLAINT FOR INTERPLEADER (C.G.S. § 52-484)

    1.    At all times hereinafter mentioned the Defendant, Carole J. Burdick, was and is an individual residing in the Town of Ledyard, County of New London and State of Connecticut.

    2.    At all times hereinafter mentioned the Defendant, Pfizer Inc., (hereinafter referred to as the "Defendant Employer"), was and is a corporation organized and existing under the laws of the State of Delaware and duly authorized to conduct insurance business in the State of Connecticut.

    3.    At all times hereinafter mentioned the Defendant, Fidelity Brokerage Services (Connecticut), LLC, (hereinafter referred to as the "Plan Administrator"), was



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

and is a limited liability company organized and existing under the laws of the State of Delaware and duly authorized to conduct business in the State of Connecticut.

4.      At all times hereinafter mentioned the Defendant, Prudential Insurance Company of America, (hereinafter referred to as the Defendant "Insurance Company"), was and is a corporation organized under the laws of the State of New Jersey and duly authorized to conduct insurance business in the State of Connecticut.

5.      The Plaintiff was married to Walter P. Arnold, the insured, from August 24, 1963 to November 1, 2001.

6.      On or about November 1, 2001, Walter P. Arnold, the insured, was employed by the Defendant Employer and participated in its Pfizer Savings Investment Plan, as managed by the Defendant Plan Administrator.  As part of said Plan, the Defendant Insurance Company issued to Walter P. Arnold a policy of life insurance in the approximate sum of $96,000 and a policy in the approximate sum of $2,500, both being payable to the Plaintiff who was named as the beneficiary in the policy.

7.      The Plaintiff and the insured were divorced on November 1, 2001 and pursuant to the terms of the divorce judgment of the Plaintiff and the insured, the



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

Plaintiff was to be named the irrevocable beneficiary or survivor annuitant on his Pfizer life insurance policies which include the subject policies.

8.      Thereafter, it is believed that a purported certificate of change of beneficiary was filed with the Defendant Insurance Company naming the Defendant, Carole J. Burdick, as the beneficiary thereof contrary to the terms of the divorce judgment.

9.      The insured died on February 6, 2021 having duly performed all his obligations under the policy and proof of such death having been duly made, there became due and payable under the policy the principal sum thereof.

10.      It is believed that the Defendant Employer, Defendant Plan Administrator and the Defendant Insurance Company are ready and willing to pay this sum to such person as may prove his or her right to receive the same.

11.      The Plaintiff claims that pursuant to the terms of the divorce judgment she is entitled to said proceeds.



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

## COUNT TWO: CONSTRUCTIVE TRUST AS TO DEFENDANT

## CAROLE J. BURDICK

1. The Plaintiff was married to Walter P. Arnold, the insured, from August 24, 1963 to November 1, 2001.

2. On or about November 1, 2001, Walter P. Arnold was employed by the Defendant Employer and participated in its Pfizer Savings Investment Plan, as managed by the Defendant Plan Administrator.  As part of said Plan, the Defendant Insurance Company issued to Walter P. Arnold a policy of life insurance in the approximate sum of $96,000 and a policy in the approximate sum of $2,500, both being payable to the Plaintiff who was named as the beneficiary in the policy.

3. The Plaintiff and the insured were divorced on November 1, 2001 and pursuant to the terms of the divorce judgment of the Plaintiff and the insured, the Plaintiff was to be named the irrevocable beneficiary or survivor annuitant on his Pfizer life insurance policies which include the subject policies.

4. The Insured married the Defendant, Carole J. Burdick, on April 10, 2004.



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

5.  Thereafter, it is believed that a purported certificate of change of beneficiary was filed with the Defendant Insurance Company naming the Defendant, Carole J. Burdick, as the beneficiary thereof contrary to the terms of the divorce judgment.

6.  The Insured and the Defendant, Carole J. Burdick, were subsequently divorced on August 25, 2015.

7.  If the Defendant, Carole J. Burdick, has or should she receive the proceeds of the subject insurance policies, it would be contrary to the orders of the court pursuant to the Divorce Judgment of the Plaintiff.

8.  If the Defendant, Carole J. Burdick, has or should she receive the proceeds of the subject insurance policies, she would be holding the proceeds as constructive trustee for the Plaintiff.



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

**WHEREFORE**, the Plaintiff claims

1.      That the Plaintiff and the Defendant beneficiary be required to interplead together concerning their claims to the money now in the hands of the Defendant Insurance Company.

2.      That upon payment of the money by the Defendant Employer, Defendant Plan Administrator and the Defendant Insurance Company to such person as a court may order that it be discharged of all liabilities to such claimants with reference thereto.

3.      That a constructive trust be imposed on the insurance proceeds so that the funds can be turned over to the Plaintiff.

4.      that the Plaintiff be allowed a reasonable sum for the counsel fees and disbursements.

                                    THE PLAINTIFF,
                                    PATRICIA ARNOLD

                            By
                                    Stephen E. Reck, Esq.
                                    Mariani & Reck, LLC
                                    Her Attorney



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023

| | | |
|---|---|---|
| RETURN DATE:  MAY 18, 2021 | : | SUPERIOR COURT |
| | : | |
| PATRICIA ARNOLD | : | J.D. OF NEW LONDON |
| | : | |
| v. | : | AT NEW LONDON |
| | : | |
| CAROLE J. BURDICK, | : | March 29, 2021 |
| PFIZER INC., FIDELITY BROKERAGE | : | |
| SERVICES (CONNECTICUT) LLC, and | : | |
| THE PRUDENTIAL INSURANCE COMPANY | : | |
| OF AMERICA | : | |

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

Pursuant to C.G.S. § 52-91 the Plaintiff hereby declares that the amount, legal interest or property in demand is greater than Fifteen Thousand Dollars or more, exclusive of interest or costs.

THE PLAINTIFF,

PATRICIA ARNOLD

By _____
Stephen E. Reck, Esq.
Mariani & Reck, LLC
Her Attorney



MARIANI RECK LANE, LLC
83 BROAD STREET  NEW LONDON, CT 06320  JURIS #405910 (860) 443-5023